**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Criminal Action No.  4:19-CR-00116-O** |
| | § | |
| **OSCAR  OREGEL, SR**    (01) | § | |
| **NOE  GARCIA**    (02) | § | |
| | § | |
| **Defendants.** | § | |

## SCHEDULING ORDER FOR CRIMINAL TRIAL AND PRETRIAL ORDER

1.   This case is set for jury trial at **9:00am** on **Friday, May 24, 2019**.

2.   All discovery in this cause requested pursuant to and required by Federal Rule of Criminal Procedure 16 must be completed within a reasonable time prior to trial. Absent a compelling excuse, any evidence for which production or disclosure was timely requested pursuant to and required by Rule 16 but not disclosed within a reasonable time prior to trial will not be admitted at trial.

3.   Except as provided in this paragraph, Defendant's pretrial motions must be filed no later than **May 3, 2019**. Defendant shall not file any motion for, or to compel, discovery, disclosure, or production unless (i) Defendant has first made written request of the government for the desired discovery, disclosure, or production, which written request must specify a time and date prior to the motions deadline when discovery, disclosure, or production of the items is desired in the office of the U.S. Attorney and (ii) the government has failed to comply with the request.  The government must respond in writing to any request made in accordance with this paragraph within seven (7) days of receiving the request. The government shall indicate either that the discovery will be allowed or the disclosure or production will be made as requested or

that the request or portions thereof are objectionable, in which case the government must briefly state the legal basis for the government's objections. Lack of actual possession of an item by the government will not be accepted as a reason for non-production if the government can obtain possession of the item or, if copiable, a copy of the item upon the government's request. If the government does not comply with such request, the defendant will be permitted to file a motion to compel or for discovery or disclosure. Any such motion must be accompanied by copies of any pertinent requests that were previously served by the movant and verification as to service of each such request and the results of the efforts to obtain the desired discovery, disclosure, or production pursuant to each such request.

4.     The government shall not file any motion for, or to compel, discovery, disclosure, or production unless (i) it has first made written request of the defendant for the desired discovery, disclosure, or production, which written request shall specify a time and date prior to the motions deadline when discovery, disclosure, or production, as applicable, of the items is desired, and (ii) the defendant has failed to comply with the request.  The defendant shall respond, either orally or in writing, to any request made in accordance with such request within five (5) government working days of receiving same.  The defendant shall indicate either that the discovery will be allowed or the disclosure or production will be made as requested or that the request or portions thereof are objectionable, in which case the defendant shall briefly state the legal basis for the objections.  Lack of actual possession of an item by the defendant will not be accepted as a reason for non-production if the defendant can obtain possession of the original or a copy of the item upon request.  If the defendant does not comply with such request, the government will be permitted to file a motion to compel, or for discovery or disclosure for those items in dispute.  Any such motion must be accompanied by copies of any pertinent requests that were previously served by the movant and verification as to service of each such request and the

2

results of the efforts to obtain the desired discovery, disclosure, or production pursuant to each such request.

5. The government shall file a response to every pretrial motion filed by the defendant that is not ruled on before the government's response to the motion is due. The government's response must indicate whether it is opposed to the motion and, if the motion is opposed, must include argument and authority in support of the government's opposition. The government's response to any pretrial motion filed by the defendant must be filed within **fourteen (14) days** after the motion is filed. *See* N.D. TEX. CRIM. R. 47.1(e). If the government is prompted to file a pretrial motion by reason of a pretrial motion filed by the defendant, the government must file its motion within **fourteen (14) days** after Defendant's motion is filed.

6. Defendant shall file a response to any pretrial motion filed by the government within **seven (7) days** after receipt of such motion.

7. **Before a party files a motion for continuance, he shall confer with counsel for all other parties concerning what dates each cannot be available for trial over the ensuing ninety-day period. The party's motion for continuance shall then set out those dates.**

8. All briefs filed with the Court shall comply with the most recent edition of The Bluebook: A Uniform System of Citation. Particularly, counsel are directed to provide, where applicable, the subsections of cited statutes, and to provide pinpoint citations when citing cases, i.e.,provide the page where the stated legal proposition can be found. *See* The BLUEBOOK: A UNIFORM SYSTEM OF CITATION B4.1.2, AT 910, R. 3.3(A), AT 6970 (Columbia Law Review Ass'n. et al., eds., 19th ed. 2010) (regarding pinpoint citations and subsections, respectively). Furthermore, if a brief contains citations to unpublished opinions or to LEXIS, counsel must attach copies of those cases to the brief.

9.   Pursuant to Local Criminal Rule 47.1, certificates of conference must address all parties, including co-defendants, if any, affected by the requested relief.

10.   The government must file a written designation of its expert witnesses, if any, no later than **May 3, 2019**. Each defendant must file a written designation of his expert witnesses, if any, no later than **May 10, 2019**.  Each designation must contain a brief statement of the subject matter to be covered by each expert witness. Any motions challenging these designations, including challenges under Federal Rule of Evidence 702, must be filed by the deadline for filing pretrial motion established in this Order[1].

11.   Northern District of Texas Local Criminal Rule 16.1(a) notwithstanding, a set of copies of all copiable exhibits that a party intends to offer at trial, except those offered solely for impeachment, must be bound in three-ring binders and exchanged with all other parties no later than **12:00 noon on the Friday prior to trial**; and a like set must be delivered to the courtroom at the time of jury selection.

12.   Each exhibit must be labeled prior to trial by a gummed label containing the identity of the offering party, the exhibit number, and the cause number.

13.   Northern District of Texas Local Criminal Rule 16.1(b) notwithstanding, the parties must file with the Clerk and deliver to all other parties and the court reporter, separate lists of exhibits and witnesses, except those offered solely for impeachment, no later than **12:00 noon on the Thursday prior to trial**.[2]  The witness lists to be filed by the parties must list all witnesses, including timely designated expert witnesses, the party may call at trial and contain a

---

[1]    If a party expects to elicit testimony from a witness regarding street values of drugs, drug-distribution practices of individuals or groups, the meaning of words and phrases used by persons in the distribution of drugs, the meaning of drugs notes, gang activities and practices, and the like, the party must designate that witness as an expert.

[2]    No additions or substitutions to these lists may be made after the deadline without leave of Court.  Additionally, if a party desires to make additions or substitutions to these lists after they are filed with the clerk, the party should file an amended list that entirely supersedes the original list, rather than simply filing a supplemental list naming only the additions and/or substitutions.

brief statement of the subject matter to be covered by each witness. Each party's exhibit list shall be in the same format as the Court's sample exhibit list, which is attached as Exhibit A to this Order.

14.  If any electronic equipment is needed in the courtroom, notify Brian Rebecek, Fort Worth Division Manager, at 817-850-6613.

15.  Counsel for the government shall **deliver to** the Court and to defense counsel each evening (if not earlier) a list of witnesses he in good faith anticipates calling the next trial day. All Jencks Act material pertaining to each witness on the list should be delivered at the same time if it has not already been delivered pursuant to prior urgings of the Court. The Court strongly encourages the early production to defense counsel of any notes made by government agents regarding interviews with witnesses that the government expects to call to testify at trial. Also, at the close of each day's testimony, the government shall proffer in writing, in as close to verbatim form as possible, any statements that it expects to introduce on the next trial day pursuant to the following:

> a.  Federal Rule of Evidence 801(d)(2)(A), to the extent that they involve potential Bruton problems; and
>
> b.  Federal Rule of Evidence 801(d)(2)(E).

The Court will hear objections thereto by Defendant(s) either at that time or prior to the commencement of testimony the following day.

16.  To minimize time after commencement of the trial in resolving differences in the language to be included in the Court's charge to the jury,

> a.  Counsel for the United States of America shall deliver to counsel for defendant by **May 13, 2019**, a copy of its proposed Court's charge to the jury.
>
> b.  Counsel for defendants shall deliver to counsel for the United States of America by **May 14, 2019**, (i) a statement, prepared with specificity, of any objection his client had to any part of the proposed charge counsel for

United States of America has delivered pursuant to this paragraph and (ii) the text of all additional instructions his client wishes to have included in the court's charge to the jury. Each objection and each additional instruction shall be accompanied by citations to authorities supporting defendant's objection or request.

c.   By **10:00 a.m. on May 15, 2019**, the lead attorneys for the parties to this action shall meet face-to-face in the office of the United States Attorney for the purposes of (i) discussing, and trying to resolve, differences between the parties as to language to be included in the Court's charge to the jury and (ii) identifying areas of disagreement that cannot be resolved. The meeting shall be held for a sufficient length of time for there to be a meaningful discussion of all areas of disagreement and a meaningful attempt to accomplish agreement. Each attorney shall cooperate fully in all matters related to the meeting.

d.   By **2:00 p.m. on May 15, 2019**, counsel for United States of America shall file a document titled "Agreed Charge," which in a single document shall contain, in logical sequence, all language to be included in the charge, including jury instructions and jury questions, about which the parties do not have disagreement and all language either party wishes to have included in the charge about which there is disagreement. All language of the proposed charge about which there is agreement shall be (i) in bold face, (ii) preceded by an indication of the identity of the party requesting the language, and (iii) followed by a listing of citations of authorities in favor of and in opposition to the proposed language. Furthermore, on the same day by **2:00 p.m.**, counsel for the United States of America shall submit an electronic (WordPerfect or Word compatible) version of this document to o'connor_orders@txnd.uscourts.gov.

e.   Limited Number of Motions in Limine:  Motions in limine should not be filed as a matter of course.  If filed, counsel must file them with the Court and serve them on the opposing party by **April 26, 2019**.  Responses must be filed with the Court and served on the opposing party by **May 3, 2019**.  Replies to responses are not permitted except by leave of Court.  Parties may file motions in limine on no more than TEN (10) discrete topics (no subparts) that are actually in dispute.  (good faith compliance with the conference requirements of Local Rule 7.1 will help to narrow issues that are actually in dispute).  Motions in limine that contain boilerplate requests, that exceed ten topics or that cover undisputed issues will be stricken.

17.   After the parties have closed, they shall meet for the purpose of preparing an agreed index of all exhibits admitted into evidence during the course of the trial. As to each admitted exhibit, the index must contain the exhibit number, the name of the offering party, the

6

name of the sponsoring witness, and a description of the exhibit. The exhibit index must be delivered to the courtroom deputy for delivery to the jury at the commencement of deliberations.

18.   Except in the case of a testifying defendant or government case agent, the counsel who calls a witness shall have no further discussions with that witness concerning any aspect of the case or his testimony after the witness has been tendered for cross-examination until such time as the witness has been tendered back for re-direct examination.

19.   The parties are hereby put on notice that Judge O'Connor will take the bench promptly at the appointed time for each session without waiting until the clerk or courtroom security officer has called the roll or otherwise ascertained the presence of all necessary parties. If tardiness becomes a problem, appropriate fines will be imposed.

20.   Bench conferences must be kept to a minimum. Counsel must state the legal bases for their objections without elaboration or argument, unless invited.

21.   Objections to exhibits and testimony may occasionally be met with the following procedure: admission of the exhibit or the testimony with the understanding that the objection will be treated as a motion to strike, with a ruling on the motion expressly reserved to the end of the day's testimony when the matter may be fully discussed out of the hearing of the jury. An exhibit so treated will not be published to the jury until the Court has ruled on the motion to strike.

22.   The Court will discourage repetitive examination of a witness, whether on cross or direct, and will strongly admonish or sanction any counsel who wastes the time of his colleagues, the Court, and the jury by failing to have witnesses present and prepared to testify; by hunting for or causing a witness to hunt for exhibits; by failing to have audio or video equipment tested, cued-up, and ready-to-go; by failing to be timely in attendance; by attempting to argue the case or make a speech to the jury during an objection; or in any other manner.

23.   The parties shall carefully observe the rules of courtroom decorum that are attached as Exhibit B to this Order. These rules are in addition to the Federal Rules of Criminal Procedure and the Local Rules of the Northern District of Texas.

24.   No later than one week prior to trial, each party shall provide to the reporter a copy of the party's witness list and a glossary of all terms likely to be uttered on the record during the trial that are technical, scientific, medical, or otherwise uncommon.

25.   Voir dire in this case will be conducted initially by the Court, with each party being allotted fifteen (15) minutes for supplementary voir dire.

**SO ORDERED on this April 18, 2019.**

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Criminal Action No.  4:19-CR-00116-O** |
| | § | |
| **OSCAR  OREGEL, SR** | § | |
| **NOE  GARCIA** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT JOHN DOE'S EXHIBIT LIST

| EXHIBIT NUMBER | SPONSORING WITNESS | DESCRIPTION OF EXHIBIT | OFFERED | IDENTIFIED | ADMITTED |
|---|---|---|---|---|---|
| 1 | Jane Doe | Bill of Sale dtd 1/5/92 | _____ | _____ | _____ |
| 2 | Sally Doe | Contract dtd 1/9/92 | _____ | _____ | _____ |

**EXHIBIT "A"**

COURTROOM DECORUM
UNITED STATES DISTRICT COURT
Northern District of Texas

(a)   The requirements stated herein are not all-inclusive, but are intended to emphasize and supplement the ethical obligations of counsel under the Code of Professional Responsibility, the Local Rules of the Northern District of Texas (LR 83.16-83.18, CrR 53.1-53.3), and the time-honored customs of experienced trial counsel.

(b)   When appearing in this Court, all counsel (including, where applicable, all persons at counsel table) shall abide by the following, unless excused by the presiding judge:

(1)       Stand as Court is opened, recessed, or adjourned.

(2)       Stand when the jury enters or retires from the courtroom.

(3)       Stand when addressing, or being addressed by, the Court.

(4)       Stand at the lectern while examining any witness, except that counsel may approach the clerk's desk or the witness for purposes of handling or tendering exhibits.

(5)       Stand at the lectern while making opening statements or closing arguments.

(6)       Address all remarks to the Court, not to opposing counsel.

(7)       Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill-feeling between the litigants or witnesses.

(8)       Refer to all persons, including witnesses, other counsel, and the parties by their surnames and not by their first or given names.

(9)       Only one attorney for each party may examine or cross examine each witness. The attorney stating objections, if any, during direct examination will be the attorney recognized for cross examination.

(10)     Any counsel who calls a witness shall have no further discussions with that witness concerning any aspect of the case or his testimony after the witness has been tendered for cross-examination until such time as the witness has been tendered back for re-direct examination.

(11)     Request permission before approaching the bench.

(12)     Any paper or exhibit not previously marked for identification must be marked before it is tendered to a witness for examination, and any exhibit offered in evidence must be handed to opposing counsel when offered.

(13)     In making objections counsel must state only the legal grounds for the objection and must withhold further comment or argument unless elaboration is requested by the Court.

(14)     When examining a witness, counsel may not repeat the answer given by the witness.

(15)     Offers of, or requests for, a stipulation must be made privately, not within the hearing of the jury.

(16)     In opening statements and in arguments to the jury, counsel may not express personal knowledge or opinion concerning any matter in issue (i.e., don't say "I think" or "I believe," etc.) and, may not read or purport to read from deposition or trial transcripts.

(17)     Counsel must admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

(18)     No one, including attorneys, parties, and witnesses, may bring food or drink (except bottled water) into the courtroom, nor may they chew gum.

**EXHIBIT "B"**